UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| SDIF LIMITED PARTNERSHIP 2, a South Dakota Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>TENTEXKOTA, LLC, a South Dakota Limited Liability Company, W. KENNETH ALPHIN, TIMOTHY J. CONRAD, MICHAEL R. GUSTAFSON, GEORGE D. MITCHELL, DALE MORRIS, MARC W. OSWALD, RONALD W. WHEELER, and DWIGHT P. WILES,<br><br>Defendants. | 1:17-CV-01002-CBK<br><br><br>ORDER CERTIFYING QUESTIONS TO SOUTH DAKOTA SUPREME COURT |

Pursuant to SDLRC 15-24A-3, this Court seeks to certify three questions sua sponte to the Supreme Court of the State of South Dakota:

> (1) Does SDCL 47-34A-303 invalidate personal guarantees signed by members of an LLC in their capacity as members (a) if that LLC has not amended its articles of organization to state that its members are liable for the LLC debts, obligations, and/or liabilities in their capacity as members and (b) members have not consented in writing to the adoption of any such provision or to be bound by such a provision?

(2) Does SDCL 53-9-1 apply so as to prohibit plaintiff from recovering under the guarantees if the guarantees violate SDCL 47-34A-303?

(3) What is the legal effect of the LLC's operating agreement permitting members to personally guarantee corporate debts but only by a "vote" of the majority of members when there is no evidence of any such "vote"?

As required by SDLRC 15-24A-4(2), the factual basis for these questions is discussed below. A copy of this Court's previous decision on September 5, 2017, denying plaintiff's request for summary judgment is included with this order as it contains detailed facts and the procedural background regarding this litigation. Copies of the legal opinions disputing the meaning of SDCL 47-34A-303 are also included.

## BACKGROUND

Plaintiff SDIF Limited Partnership 2 ("SDIF LP 2") provided two loans to Tentexkota, LLC ("Tentexkota") with a cumulative principal of $32,500,000 to develop a casino and resort in Deadwood, South Dakota. Funds for the loans were generated from individual foreign investors through the EB-5 Lawful Permanent Resident Visa Program, a program administered by USCIS that allows alien entrepreneurs to receive permanent resident status if they fulfill certain investment criteria. The execution and delivery of member guarantees was "an express condition to the consummation of the transactions," i.e., the loans to Tentexkota, L.L.C. and plaintiff would not have made the loans without personal guarantees from members. The loans were personally guaranteed by members and non-members representing members of Tentexkota.

All guarantee agreements contain the recitation that "Guarantor, as member of Borrower" was signing the guarantee. Each guarantee has an attachment entitled "Membership Units of Guarantor" and below that is a statement calling for the number of membership units (interests) in Tentexkota, L.L.C. Plaintiff filed suit seeking to collect the debts of Tentexkota based on the personal guarantees. Tentexkota and its guarantor members filed a counterclaim against plaintiff and claims against third party defendants seeking a declaratory judgment on matters of law that do not directly bear on the questions being certified by this order. I have dismissed the claims against third party defendants.

Tentexkota's articles of organization have at all times contained a provision which states that "[n]o members of the company are to be liable for its debts and obligations pursuant to SDCL 47-34A-303(c)." On June 5, 2017, this Court issued a memorandum letter requesting that the parties provide briefs addressing the validity of the members' personal guarantees in light of this provision. The Court specifically requested that the parties consider whether the personal guarantees signed by members of Tentexkota for its debt could supersede the articles of organization provision and the statutory provision protecting members of limited liability companies. Copies of the briefs filed in response to the Court's memorandum letter are provided along with this order. Both the plaintiff's and defendants' briefs also included a copy of Tentexkota's operating agreement, which contains the following provision:

> 7.6 <u>Mandatory "Capital Calls"</u>  The Members acknowledge that each Member shall contribute initial amounts to the Company and further acknowledge that the nature of the Company's business purpose will require significant additional contributions of capital.

> . . . The Members may also be required by vote of the Majority to
> personally guarantee the obligations of the Company.

There is no evidence of any "vote" requiring any member to personally guarantee the obligations of the LLC. SDCL 47-34A-203(c) provides that, where there is inconsistency between the articles of organization and the operating agreement, the operating agreement controls as to members, but the articles of organization control as to other persons who reasonably rely on the articles to their detriment.

## DISCUSSION

A federal court "should determine all the issues before it" "absent a close question of state law or a lack of state guidance." C'ty of Ramsey v. MERSCORP Holdings, Inc., 776 F.3d 947, 950 (8th Cir. 2014). Where there is "no state law precedent on point and where the public policy aims are conflicting" a legal question "may properly be certified to the state court." Hatfield, by Hatfield v. Bishop Clarkson Memorial Hosp., 701 F.2d 1266, 1267 (8th Cir. 1983). Whether a federal court certifies a question to a state court "is a matter of discretion." Johnson v. John Deere Co., a Div. of Deere & Co., 935 F.2d 151, 153 (8th Cir. 1991). However, "[u]nsettled questions of state law are best left to the states." Poage v. City of Rapid City, 431 F.Supp. 240, 246 (D.S.D. 1977).

This Court knows of no controlling precedent directly on point, as to the questions presented, in the decisions of the South Dakota Supreme Court. Moreover, there are public policy concerns regarding SDCL 53-9-1 under the facts of this case. As the issues raised here are unsettled, this Court therefore determines that the questions should be certified for state court determination. The ultimate decision is, of course, left to the South Dakota Supreme Court as to whether to answer the questions posed.

# ORDER

Now, therefore,

IT IS ORDERED:

This Court hereby certifies sua sponte to the Supreme Court of the State of South Dakota the following questions of law: (1) Does SDCL 47-34A-303 invalidate personal guarantees signed by members of an LLC in their capacity as members (a) if that LLC has not amended its articles of organization to state that its members are liable for the LLC debts, obligations, and/or liabilities in their capacity as members and (b) members have not consented in writing to the adoption of any such provision or to be bound by such a provision? (2) Does SDCL 53-9-1 apply so as to prohibit plaintiff from recovering under the guarantees if the guarantees violate SDCL 47-34A-303? (3) What is the legal effect of the LLC's operating agreement permitting members to personally guarantee corporate debts but only by a "vote" of the majority of members when there is no evidence of any such "vote"?

Dated this 7th day of December, 2018.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge